IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIRON WINSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1048−SMY |
| ) | |
| WARDEN OF I.Y.C., HARRISBURG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Airon Winston, an inmate in Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly took place at the Youth Center in Harrisburg, Illinois. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

This is not Plaintiff's first Complaint filed in this Court. On June 2, 2016, he filed a Complaint in Case No. 16-cv-597-MJR. That case alleged that as a result of a guard sexually harassing him, Plaintiff was unable to focus on his criminal case, and therefore pleaded guilty to his underlying criminal charge. (16-cv-597, Doc. 1). The Court dismissed that claim on July 14, 2016 for failure to state a claim upon which relief could be granted, but allowed Plaintiff leave to amend. (16-cv-597, Doc. 10).

The Amended Complaint contained a claim that while awaiting trial on domestic battery charges at IYC-Harrisburg, Plaintiff was allegedly sexually harassed by an unnamed officer. (16-cv-597, Doc. 16). That officer was never named as a defendant; instead, Plaintiff tried to bring claims against the Warden of IYC-Harrisburg and C/O Craig, the investigating officer. (16-cv-597, Doc. 16). Plaintiff was dissatisfied because despite reporting the harassment, the officer was not disciplined and Plaintiff was not separated from him. (16-cv-597, Doc. 16). Plaintiff sought monetary relief against the Warden and Craig. (16-cv-597, Doc. 16). The Court

ultimately determined that the Amended Complaint in Case No. 16-cv-597 was substantially the same as the original Complaint, and dismissed it with prejudice. (16-cv-597. Doc. 16).

This case appears to be identical to Case No. 16-cv-597, and so must meet a similar fate. Here Plaintiff's sole defendant is the Warden at I.Y.C. Harrisburg. (Doc. 1, p. 1). Plaintiff alleges that he was held at Harrisburg while awaiting court proceedings because his new charge violated his parole. (Doc. 1, p. 5). While there, a male staff member sexually harassed Plaintiff. (Doc. 1, p. 5). Plaintiff reported the incident to investigator Craig. (Doc. 1, p. 5). After reporting the incident, Plaintiff was distressed when the officer who harassed him approached him in the chow hall to ask "why did you tell on me?" (Doc. 1, p. 5). Plaintiff thereafter refused to leave his cell, and suffered emotional distress as a result of the harassment and investigation. (Doc. 1, p. 5). Plaintiff alleges that he should have been transferred to a different facility, and/or allowed to lodge an external complaint. (Doc. 1, p. 5-6). He also expected the officer to be relieved of his duties pending the investigation. (Doc. 1, p. 6). This caused Plaintiff to be unable to focus on trial preparation and change his plea to guilty. (Doc. 1, p. 7). Plaintiff seeks monetary relief. (Doc. 1, p. 7). This Complaint describes the same facts and requests the same relief as Plaintiff's suit in No. 16-cv-597, although Plaintiff has omitted C/O Craig from his list of defendants and limited his requested relief to money.

## **Discussion**

Judicial administration permits a court to dismiss a suit that is duplicative of another action already pending. *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). District courts have wide discretion in determining whether a suit is duplicative, but generally where the claims, parties, and relief requested are significantly the same, a suit is duplicative of an earlier effort. *Id*. Here, Plaintiff has listed the same party as his earlier § 1983 action. He has

also requested the same relief and recited the same set of facts. Although the earlier suit is broader and includes more defendants, that is not sufficient to save this suit. This suit must be dismissed with prejudice, like Plaintiff's earlier suit, which failed to state a claim.

### Pending Motions

As this case will be dismissed with prejudice, Plaintiff's Motion to Appoint Counsel is **MOOT**. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendant **Warden of IYC Harrisburg** is **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**
**DATED: November 2, 2016**

s/ STACI M. YANDLE
**U.S. District Judge**